IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRADESMEN INTERNATIONAL, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 16-00590-N ) |
| JVC COATINGS & FABRICATION, LLC, | ) ) ) |
| Defendant. | ) |

# ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] The Plaintiff initiated this action by filing a Complaint (Doc. 1) with the Court, alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

>   (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency.  *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted).  *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]  Upon consideration, the undersigned finds that the Plaintiff must supplement its allegations as to the citizenships of the parties.[3]

Both parties are alleged to be limited liability companies (LLCs).  Unlike

---

[2] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981."  *Travaglio*, 735 F.3d at 1268 n.1.

[3] For purposes of *sua sponte* review, the undersigned finds that the Plaintiff has alleged sufficient facts establishing § 1332(a)'s requisite amount in controversy.

corporations, *see* 28 U.S.C. § 1332(c)(1), for purposes of diversity jurisdiction "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (per curiam) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). *Accord Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) (reaffirming *Carden* rule). As such, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens*, 374 F.3d at 1022. *Accord Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam). Thus, "[t]o sufficiently allege the citizenship[] of [an LLC], a party must list the citizenships of all the members of the limited liability company…" *Rolling Greens*, 374 F.3d at 1022. *See also* S.D. Ala. CivLR 8 ("A pleading or notice of removal asserting jurisdiction based on diversity of citizenship must identify the citizenship of each party to the litigation … If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members."). This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in

pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity").

The Plaintiff LLC alleges that its sole member is Tradesmen International Holdings, LLC.  (Doc. 1 at 1).  However, the Plaintiff does not allege the citizenship(s) of the member(s) of that LLC, simply alleging it is a "Delaware" LLC. (*Id.*).  The Plaintiff does not identify any members of the Defendant LLC or their citizenships, instead alleging it is an Alabama LLC with its principal place of business in Alabama.  (*Id.*).  These allegations are insufficient to demonstrate the citizenship(s) of either party for purposes of diversity jurisdiction.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly."  *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984)).  Upon consideration, the Plaintiff is **ORDERED** to file and serve, no later than **Tuesday, December 13, 2016**, an amended complaint that alleges sufficient facts demonstrating diversity of citizenship under § 1332(a), or some alternative bases for subject matter jurisdiction in this action.  In so doing, the Plaintiff must abide by the following directives:

- The amended complaint shall reproduce the entire original complaint as amended, *see* S.D. Ala. CivLR 15(a) ("Any amendment to a pleading … must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."), and will become the operative complaint in this

action.[4]

- The Plaintiff must file its amended complaint as a freestanding pleading and <u>not</u> as an attachment to a motion or other filing.

Any filing made in contravention of these directives will be deemed nonresponsive to this Order and will be summarily ordered stricken.  The failure to comply with this Order will result in dismissal of this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Additionally, the Plaintiff did not file a disclosure statement in accordance with S.D. Ala. CivLR 7.1 contemporaneously with its complaint.  The Plaintiff is **ORDERED** to do so no later than **Tuesday, December 13, 2016** (form available at: www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf).

**DONE** and **ORDERED** this the 29th day of November 2016.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[4] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' "  *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)).  *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").